UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

| JOSEPH G. ALBE | CIVIL ACTION |
|---|---|
| VERSUS | NO. 18-5389 |
| ROBERT A. LENTER, ET AL. | SECTION "R" (4) |

## ORDER AND REASONS

Before the Court are (1) the defendants' motion to dismiss, and (2) the parties' supplemental briefs regarding whether the Court has jurisdiction over this action. Because the Court finds that plaintiff's complaint satisfies the amount-in-controversy requirement, it concludes it has diversity jurisdiction. Having established its jurisdiction, the Court also denies in part and grants in part defendants' motion to dismiss for failure to state a claim upon which relief can be granted. Defendants' motion to dismiss is granted with respect to plaintiff's claim for bad faith breach of contract, but is denied as to all other claims.

## I. BACKGROUND

This lawsuit arises out of a contract dispute between two law partners.[1] Plaintiff Joseph G. Albe alleges that he practiced law for over twenty years with defendant Robert A. Lenter.[2] Plaintiff alleges that he and Lenter entered into oral and written agreements concerning their joint legal representation of clients.[3] Under these alleged agreements, Lenter would pay all litigation costs, plaintiff would perform the majority of the legal work, and they would split all of the attorney fees evenly.[4] Lenter allegedly failed to pay plaintiff money he is owed under the terms of these agreements.[5] Plaintiff specifically alleges that Lenter collected fees for two cases that settled in October 2017 and January 2018, but failed to pay plaintiff his half, which allegedly amounted to $70,000.[6] On May 29, 2018, plaintiff filed this lawsuit in federal court against Lenter and defendant Hurt on the Job? Robert A. Lenter, Attorneys at Law, LLC.[7] Plaintiff seeks to recover the amount owed under the contracts, damages for mental pain and anguish,

---

[1] R. Doc. 3 at 1 ¶ 1.
[2] *Id.* at 1 ¶ 1, 2 ¶ 3.
[3] *Id.* at 2 ¶ 3.
[4] *Id.* ¶ 4.
[5] *Id.*
[6] *Id.* at 2-3 ¶¶ 5-8, 3-4 ¶¶ 9-11, 5 ¶ 14.
[7] *Id.* at 2 ¶ 2.

attorney fees, and his costs and expenses for bringing this action.[8] Plaintiff contends that the total sum of his damages is $100,000.[9]

On August 2, 2018, defendants moved to dismiss the complaint.[10] Defendants contended that there is not complete diversity of citizenship between the parties, which deprives the Court of jurisdiction over plaintiff's complaint. Defendants also asserted that plaintiff's complaint should be dismissed under Federal Rule of Civil Procedure 12(b)(6), because plaintiff has not provided enough factual support for his claims.[11] On December 3, 2018, the Court held that there was diversity of citizenship between the parties.[12] But the Court ordered the parties to file supplemental briefs addressing whether the amount-in-controversy requirement has been met to grant the Court diversity jurisdiction.[13] Because the Court's jurisdiction over the action was uncertain, it did not rule on defendants' motion to dismiss for

---

8     *Id.* at 5 ¶ 14.
9     *Id.* ¶ 16.
10    R. Doc. 12.
11    *See id.*
12    R. Doc. 16 at 6-8.
13    *Id.* at 10-11.

failure to state a claim.[14] The parties have now filed their supplemental briefs.[15]

## II. LEGAL STANDARD

### A. Diversity Jurisdiction

Federal courts are courts of limited jurisdiction and possess power over only those cases authorized by the United States Constitution and federal statutes. *Coury v. Prot*, 85 F.3d 244, 248 (5th Cir. 1996). Two possibilities for jurisdiction exist: federal question jurisdiction under 28 U.S.C. § 1331 and diversity jurisdiction under 28 U.S.C. § 1332. Diversity jurisdiction exists only when there is complete diversity of citizenship, and the amount in controversy exceeds $75,000, exclusive of interests and costs. 28 U.S.C. § 1332(a). The amount in controversy must be either facially apparent or established by a preponderance of the evidence. *Felton v. Greyhound Lines, Inc.*, 324 F.3d 771, 773 (5th Cir. 2003).

If a district court lacks jurisdiction over the subject matter of a plaintiff's claims, it must dismiss the case. *See* Fed. R. Civ. P. 12(b)(1). The

---

[14] *Id.* at 11.
[15] *See* R. Doc. 17; R. Doc. 18.

4

lack of subject matter jurisdiction may be raised at any time during the pendency of the case by any party or by the court. *See Kontrick v. Ryan*, 540 U.S. 443, 456 (2004) ("A litigant generally may raise a court's lack of subject-matter jurisdiction at any time in the same civil action, even initially at the highest appellate instance."); *McDonal v. Abbott Labs.*, 408 F.3d 177, 182 n.5 (5th Cir. 2005) ("[A]ny federal court may raise subject matter jurisdiction *sua sponte*."). "The citizenship of a party at the *commencement* of the action is controlling for purposes of determining diversity jurisdiction and subsequent actions do not affect the court's jurisdiction." *Aetna Cas. & Sur. Co. v. Hillman*, 796 F.2d 770, 776 (5th Cir. 1986) (citing *Oliney v. Gardner*, 771 F.2d 856, 858 (5th Cir. 1985)) (emphasis in original).

In ruling on a Rule 12(b)(1) motion to dismiss, the court may rely on (1) the complaint alone, presuming the allegations to be true, (2) the complaint supplemented by undisputed facts, or (3) the complaint supplemented by undisputed facts and by the court's resolution of disputed facts. *Den Norske Stats Oljeselskap As v. HeereMac Vof*, 241 F.3d 420, 424 (5th Cir. 2001) (citing *Barrera-Montenegro v. United States*, 74 F.3d 657, 659 (5th Cir. 1996)). When examining a factual challenge to subject matter jurisdiction that does not implicate the merits of the plaintiff's cause of

action, the district court has substantial authority "to weigh the evidence and satisfy itself as to the existence of its power to hear the case." *Arena v. Graybar Elec. Co.*, 669 F.3d 214, 223 (5th Cir. 2012).

### B. Federal Rule of Civil Procedure 12(b)(6)

To survive a Rule 12(b)(6) motion to dismiss, the plaintiff must plead "sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). A claim is facially plausible when the plaintiff pleads facts that allow the court to "draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* at 678. A court must accept all well-pleaded facts as true and must draw all reasonable inferences in favor of the plaintiff. *See Lormand v. US Unwired, Inc.*, 565 F.3d 228, 232 (5th Cir. 2009).

A legally sufficient complaint must establish more than a "sheer possibility" that the plaintiff's claim is true. *Iqbal*, 556 U.S. at 678. It need not contain detailed factual allegations, but it must go beyond labels, legal conclusions, or formulaic recitations of the elements of a cause of action. *Id.* In other words, the face of the complaint must contain enough factual matter to raise a reasonable expectation that discovery will reveal relevant evidence

of each element of the plaintiff's claim. *Lormand*, 565 F.3d at 257. The claim must be dismissed if there are insufficient factual allegations to raise a right to relief above the speculative level, *Twombly*, 550 U.S. at 555, or if it is apparent from the face of the complaint that there is an insuperable bar to relief, *Jones v. Bock*, 549 U.S. 199, 215 (2007).

### III. DISCUSSION

#### A. Diversity Jurisdiction

The Court previously ordered the parties to brief the issue of whether plaintiff has satisfied the amount-in-controversy requirement for diversity jurisdiction—$75,000—because plaintiff concedes that he is owed only $70,000 under the relevant contracts.[16] Because in his complaint plaintiff claimed a total amount of damages in excess of $75,000, the plaintiff satisfies the amount-in-controversy requirement unless "from the face of the pleadings, it is apparent, to a legal certainty, that the plaintiff cannot recover the amount claimed." *See St. Paul Mercury Indem. Co. v. Red Cab Co.*, 303 U.S. 283, 288 (1938). The Court noted that plaintiff's claim for mental pain and anguish damages and attorney fees may not be available for his breach

---

[16] R. Doc. 16 at 8.

of contract claim.[17] There was thus a possibility that plaintiff would be unable to satisfy the amount-in-controversy requirement.

Plaintiff argues in his supplemental brief that in addition to his breach of contract claim, his complaint contains a claim for conversion, under which he may recover general damages under Louisiana law.[18] Plaintiff states in his complaint that his action is for "bad faith breach of contract and [conversion][19] of attorney fees."[20] Plaintiff later states in his complaint that Lenter's actions "constitute a breach of contract under Louisiana Civil Code Article 1994 and/or bad faith breach of contract under Louisiana Civil Code Article 1997, for his conversion of attorney fees rightfully belonging to [plaintiff]."[21]

Plaintiff has adequately alleged a claim for conversion. *See Aymond v. State, Dep't of Revenue & Taxation*, 672 So. 2d 273, 275 (La. App. 1 Cir. 1996) ("Conversion is an intentional tort and consists of an act in derogation of the

---

[17] *Id.* at 9-10.
[18] R. Doc. 18 at 1-2.
[19] The complaint uses the word "conversation" rather than "conversion." But viewing this paragraph and the complaint as a whole, it is clear that this was simply a typographical error, and that plaintiff intended to use the term "conversion."
[20] R. Doc. 3 at 1 ¶ 1.
[21] *Id.* at 4 ¶ 12.

plaintiff's possessory rights."). Under Louisiana law, plaintiff is entitled to recover general damages for a claim of conversion. *See Fenner v. Schley*, 246 So. 3d 770, 773 (La. App. 2 Cir. 2018) (noting that "[the] measure of damages for wrongful conversion is the return of the property," but that "[g]eneral damages may also be awarded when appropriate") (citing *Quealy v. Paine, Webber, Jackson & Curtis, Inc.*, 475 So. 2d 756 (La. 1985)). Because this claim permits recovery of more than the amount allegedly owed under the contracts, there is no "legal certainty" that plaintiff will not be able to recover more than the amount-in-controversy requirement. The Court therefore has diversity jurisdiction over plaintiff's claims.

### B. Motion to Dismiss for Failure to State a Claim

Because the Court has established its jurisdiction over the action, it will now consider defendants' motion to dismiss under Rule 12(b)(6). Plaintiff's complaint contains four causes of action: (1) breach of contract, (2) bad faith breach of contract, (3) conversion, and (4) detrimental reliance.[22] Defendants argue that plaintiff's complaint should be dismissed because plaintiff has failed to meet the pleading standard set by *Iqbal* and

---

[22] *Id.*

*Twombly*.[23] The Court finds that plaintiff has met this pleading standard for his breach of contract, conversion, and detrimental reliance claims, but has failed to adequately allege his claim for bad faith breach of contract.

### 1. Breach of Contract and Bad Faith Breach of Contract

Under Louisiana law, which governs this diversity action, "a contract is an agreement by two or more parties whereby obligations are created, modified, or extinguished." La. Civ. Code art. 1906. Plaintiff alleges in his complaint that he and Lenter entered into "oral and written agreements" to split evenly all attorney fees they received.[24] Plaintiff specifically alleges two instances in which Lenter received payments from clients but did not pay plaintiff his share of the proceeds.[25] Although plaintiff has not included in his complaint the exact terms of the parties' agreements, he has articulated the obligations the parties allegedly owed one another, and the way in which defendants breached those obligations. Plaintiff has therefore provided "sufficient factual matter . . . to 'state a claim to relief that is plausible on its face.'" *Iqbal*, 556 U.S. at 678; *cf. 2002 JBO Trust No. 1 v. Royal Bank of Can.*, No. 12-1344, 2013 WL 871537, at *9 (E.D. La. Mar. 8, 2013) (dismissing

---

23   R. Doc. 12-2 at 2-3.
24   R. Doc. 3 at 2 ¶ 3.
25   *Id.* at 2-4 ¶¶ 5-11.

breach of contract allegation when plaintiff failed to plead "facts that would allow the [c]ourt to assess the obligations imposed on defendants by the contract and to determine whether" the defendants breached the contract terms).

But plaintiff does not provide sufficient factual matter to state a claim for bad faith breach of contract. Bad faith requires that the obligor "intentionally and maliciously fail[] to perform his obligation." La. Civ. Code art. 1997, Revision Comment (b). Bad faith is not "mere bad judgment or negligence[;] it implies the conscious doing of a wrong for dishonest or morally questionable motives." *Volentine v. Raeford Farms of La., LLC*, 201 So. 3d 325, 338 (La. App. 2 Cir. 2016). While plaintiff alleges that Lenter intentionally breached their agreements, he does not allege that the breach was malicious, *i.e.*, that Lenter intended to harm him or had some other "dishonest or morally questionable motive[]." *Id.* Plaintiff's bad faith breach of contract claim is therefore dismissed. *See Hi-Tech Elec., Inc. of Del. v. T&B Constr. & Elec. Servs., Inc.*, No. 15-3034, 2018 WL 2268168, at *7 (E.D. La. May 17, 2018) (dismissing bad faith breach of contract claim when the plaintiff alleged the defendant intentionally breached an agreement and misrepresented the reasons for doing so, but did not allege that the

defendant had any malicious or morally questionable motives); *cf. Volentine*, 201 So. 3d at 348 (affirming trial court's finding of bad faith breach when evidence suggested defendant "singled [the plaintiff] out," was "angry with him, and pursued a pattern of wrongdoing against" him).

### 2. Conversion

Conversion is a cause of action for "any wrongful exercise or assumption of authority over another's goods." *Duhon v. Briley*, 117 So. 3d 253, 261 (La. App. 4 Cir. 2013). Conversion is frequently discussed in connection with movable property or other chattel. *See, e.g.*, *Dual Drilling Co. v. Mills Equip. Invs., Inc.*, 721 So. 2d 853, 857 (La. 1998) (listing seven instances in which an unlawful conversion is committed). But Louisiana courts have recognized that money allegedly owed to a plaintiff pursuant to a contract is a type of property interest that can serve as the basis for a conversion claim. *See, e.g.*, *La. Health Care Grp., Inc. v. Allegiance Health Mgmt., Inc.*, 32 So. 3d 1138, 1142-43 (La. App. 3 Cir. 2010). Conversion is an intentional tort, but the intent required "is not necessarily that of conscious wrongdoing." *La. State Bar Ass'n v. Hinrichs*, 486 So. 2d 116, 121 (La. 1986). "It is rather an intent to exercise a dominion or control over the goods which is in fact inconsistent with the plaintiff's rights." *Id.* (noting that

"mistake of law or fact is no defense"). To prevail on a conversion claim under Louisiana law, plaintiff need only prove that (1) he owned or had the right to possess funds that were misused by Lenter; (2) the misuse was inconsistent with plaintiff's right of ownership; and (3) the misuse constituted a wrongful taking of the funds. *Chrysler Credit Corp. v. Perry Chrysler Plymouth, Inc.*, 783 F.2d 480, 484 (5th Cir. 1986).

Plaintiff alleges that he and Lenter had an agreement whereby plaintiff would receive a share of the proceeds for their legal work, and that Lenter has refused to relinquish plaintiff's share of certain funds. Plaintiff has therefore stated sufficient facts to maintain his claim for conversion. *See La. Health Care Grp., Inc.*, 32 So. 3d at 1142-43.

### 3. Detrimental Reliance

Finally, plaintiff includes an alternative claim for detrimental reliance.[26] The elements of detrimental reliance under Louisiana law are "(1) a representation by conduct or word; (2) justifiable reliance; and (3) a change in position to one's detriment because of the reliance." *Suire v. Lafayette City-Par. Consol. Gov't*, 907 So. 2d 37, 59 (La. 2005). Plaintiff alleges that he relied upon Lenter's promises to split their attorney fees evenly, and that

---

[26] *Id.* at 4 ¶ 12.

this reliance was justified given their prior working relationship.[27] Plaintiff further alleges that in reliance on this promise he agreed to undertake the legal work with Lenter, for which he was never paid.[28] Plaintiff has therefore pleaded each of the elements of his claim. *See Cal. First Nat'l Bank v. Boh Bros. Constr. Co., LLC*, No. 16-2699, 2018 WL 321709, at *4 (E.D. La. Jan. 8, 2018) (denying motion to dismiss detrimental reliance claim when plaintiff alleged it performed additional work in reliance on defendant's representation that it would pay plaintiff's invoices, but defendant broke that promise).

## IV. CONCLUSION

For the reasons stated above, defendants' motion to dismiss the complaint is DENIED IN PART and GRANTED IN PART. Plaintiff's claim for bad faith breach of contract is DISMISSED.

New Orleans, Louisiana, this __3rd__ day of January, 2019.

_____
SARAH S. VANCE
UNITED STATES DISTRICT JUDGE

---

[27] *Id.*
[28] *Id.* at 2 ¶ 4; 4 ¶ 12.